## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Kenya Taylor
8212 S. Vernon Ave.
Chicago, IL 60619

      Plaintiff,

v.

AID Associates, Inc. d/b/a Plaza Associates
c/o Paul Brennan, President
370 Seventh Ave., Ste 1200
New York, New York 10001

      Defendant.

FILED: AUG 01, 2008

CASE NO.: 08CV4375
JUDGE CONLON
MAGISTRATE JUDGE ASHMAN

JUDGE: RCC

**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

### JURISDICTION AND VENUE

1.  Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

### FACTS COMMON TO ALL COUNTS

2.  The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3.  Defendant is a corporation doing business primarily as a consumer debt collector.

4.  Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5.  The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6.  The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7.  Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

1

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around April 7, 2008, Defendant telephoned Plaintiff regarding the debt.

10. During this communication, Plaintiff initially had poor reception on her phone and could not hear Defendant clearly.

11. When the reception became clear, Plaintiff heard Defendant accuse Plaintiff of pretending not to hear Defendant.

12. Defendant then stated that Plaintiff "would hear Defendant very clearly" when Defendant garnished Plaintiff's wages and then abruptly hung up the phone.

13. On or around April 8, 2008, Defendant telephoned Plaintiff regarding the debt.

14. During this communication, Defendant stated that Plaintiff was refusing to pay the debt.

15. During this communication, Plaintiff attempted to explain that Plaintiff could not afford to pay the entire amount of the debt.

16. During this communication, Defendant stated that Defendant would garnish Plaintiff's wages, place a lien on Plaintiff's bank account and place a judgment against Plaintiff's credit for twenty years.

17. On or around April 10, 2008, Defendant telephoned Plaintiff regarding the debt.

18. During this communication, Defendant stated that black people like Plaintiff "make all black people look bad".

19. During this communication, Defendant again stated that Defendant would place a lien against Plaintiff's bank account, would garnish Plaintiff's paycheck and would ruin Plaintiff's credit.

20. As a result of Defendant's threats, Plaintiff withdrew her child support funds from her bank account for fear that she would not be able to support her children if her bank account was attached.

21. Defendant damaged Plaintiff emotionally and mentally and has caused substantial anxiety

    and stress.

22. Defendant violated the FDCPA.

### COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive

    language during its communications in furtherance of debt collection.

### COUNT TWO

**Violation of the Fair Debt Collection Practices Act**

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or

    unconscionable means to collect a debt.

### COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action

    was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

### COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its

    conversations with Plaintiff.

## JURY DEMAND

31. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

32. Plaintiff prays for the following relief:

 a. Judgment against Defendant for actual damages, statutory damages pursuant to 15

  U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C.

  §1692k.

 b. For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Jeffrey S. Hyslip
 Jeffrey S. Hyslip
 233 S. Wacker Dr., Suite 5150
 Chicago, IL 60606
 Telephone:  866-339-1156
 Email:  jsh@legalhelpers.com
 Fax: 312-822-1064
 Attorneys for Plaintiff