UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kenya Taylor | CASE NO.: 1:08-cv-04375 |
| Plaintiff, | JUDGE: Conlon |
| v. | |
| Aid Associates, Inc. | **PLAINTIFF'S MOTION TO CONTINUE THE INITIAL STATUS HEARING** |
| Defendant. | |

Now comes Plaintiff, by and through counsel, and respectfully requests the Court to continue the Initial Status Hearing ("the Hearing"), which is currently set for September 4, 2008 (*See* Docket No. 5), to a date on or around October 21, 2008. At the present time, Plaintiff is waiting for Defendant to waive service of summons. Defendant has not yet filed a responsive pleading or appearance in this case and need not do so until late September 2008 at the earliest. Consequently, Defendant will not likely be available for the Hearing or for a Rule 26(f) conference prior to the Hearing as required by the Federal Rules of Civil Procedure and Local Rules.

Plaintiff sent Defendant a Notice of Lawsuit and Request for Waiver of Service of Summons on August 5th, 2008. *See* Exhibit A. Defendant has not yet waived service. Pursuant to Rule 4(d)(1)(F) of the Federal Rules of Civil Procedure, Plaintiff must allow Defendant at least 30 days to return the waiver (September 4, 2008) before attempting to serve Defendant with a summons. If Defendant returns the waiver, Defendant need not serve Plaintiff with an Answer until October 4, 2008. *See* Fed R. Civ. P. 4(d)(3). If Defendant fails to return the waiver and Plaintiff is required to serve Defendant with a summons, Plaintiff expects that such service will not be obtained until September 5, 2008 at the earliest, in which case Defendant need not serve

1

Plaintiff with an Answer until September 25, 2008. *See* Fed R. Civ. P. 12(a)(A). In any case, Defendant need not file an appearance until late September 2008 at the earliest and will likely be unavailable for the Hearing.

Rule 26(f)(1) of the Federal Rules of Civil Procedure requires the parties to confer and plan for discovery at least 21 days before a scheduling conference is held. Local Rule 26.1 designates the Initial Status Hearing as the "scheduling conference" referred to in Fed R. Civ. P. 26(f). With the Hearing currently set for September 4, 2008, the parties are required to conduct their 26(f) conference by August 14, 2008 at the latest. As shown above, Defendant will not likely file an appearance in this matter until late September 2008 and will therefore be unavailable for a rule 26(f) conference prior to the Hearing. Continuing the status hearing to a date on or around October 21, 2008 will ensure that Defendant will have filed an appearance and the parties are afforded an opportunity to conduct their Rule 26(f) conference prior to the Hearing.

For these reasons, Plaintiff requests that this Honorable Court continue the Hearing to a date on or around October 21, 2008.

          RESPECTFULLY SUBMITTED,

          Legal Helpers, P.C.

          By: s/Timothy J. Sostrin
              Timothy J. Sostrin
              Bar ID # 6290807
              233 S. Wacker
              Sears Tower, Suite 5150
              Chicago, IL 60606
              Telephone: 866-339-1156
              Email: tjs@legalhelpers.com
              Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 13, 2008, I served Defendant with a copy of the foregoing Motion by depositing a copy of the same in the United States Mail, addressed as follows:

Aid Associates, Inc.
370 Seventh Ave., Ste 1200
New York, New York 10001

AO 398   (Rev. 05/00)

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A)  Paul Brennan

as (B)  President                of (C)  AID Associates, Inc. d/b/a Plaza Associates

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Northern District of Illinois and has been assigned docket number (D)   08-cv-4375   .

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (E)  30  days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

    I affirm that this request is being sent to you on behalf of the plaintiff, this   5th   day of
  August        ,    2008    .
  (Month)            (Year)

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—Docket number of action
E—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver



AO 399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

## Waiver of Service of Summons

TO: _____Jeffrey S. Hyslip_____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __AID Associates, Inc. d/b/a Plaza Associates__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Taylor v. AID Associates, Inc.__,
(CAPTION OF ACTION)

which is case number __08-cv-4375__ in the United States District Court
(DOCKET NUMBER)

for the Northern District of Illinois.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __08/05/08__,
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

_____       _____
(DATE)                         (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
    (TITLE)                      (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.